# EXHIBIT

# A

 CT Corporation

**Service of Process Transmittal**
10/30/2019
CT Log Number 536537753

TO: TEXAS LITIGATION
ALLSTATE INSURANCE COMPANY - DFW CASUALT
8711 N FREEPORT PKWY #23
IRVING, TX 75063-2578

RE: **Process Served in Texas**

FOR: Allstate Texas Lloyd's (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | BRIDGETT S. THOMAS AND WILLIAM J. THOMAS, JR., PLTFS. vs. ALLSTATE TEXAS LLOYDS, DFT. *Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | Citation, Return, Original Petition |
| COURT/AGENCY: | 172nd Judicial District Court, Jefferson County, TX Case # E0204699 |
| NATURE OF ACTION: | Insurance Litigation |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 10/30/2019 postmarked on 10/16/2019 |
| JURISDICTION SERVED: | Texas |
| APPEARANCE OR ANSWER DUE: | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served this citation and petition, (Document(s) may contain additional answer dates) |
| ATTORNEY(S) / SENDER(S): | Danny Ray Scott Scott Law Offices, P.C. P.O. Box 53358 Houston, TX 77052 713-941-9309 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 10/31/2019, Expected Purge Date: 11/05/2019 Image SOP Email Notification, TEXAS LITIGATION texaslitigation@allstate.com |
| SIGNED: ADDRESS: | C T Corporation System 1999 Bryan St Ste 900 Dallas, TX 75201-3140 |
| For Questions: | 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

Page 1 of 1 / JN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CERTIFIED MAIL

U.S. POSTAGE >> PITNEY BOWES

ZIP 77701 $ 006.40
02 1W
0001389146 OCT 16 2019





JAMIE SMITH
DISTRICT CLERK'S OFFICE
1085 PEARL ST RM 203
BEAUMONT, TX 77701-3545

9214 8901 0661 5400 0143 7135 11

**RETURN RECEIPT (ELECTRONIC)**

ALLSTATE TEXAS LLOYDS
BY SERVING ITS REGISTERED AGENT CT CORPORATION
SYSTEM
1999 BRYAN ST STE 900
**DALLAS, TX 75201-3140**

CUT / FOLD HERE                    Zone 3

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

Citation by Mailing

# THE STATE OF TEXAS

No. E-0204699

BRIDGETT S THOMAS ET AL
VS. ALLSTATE TEXAS LLOYDS

## CITATION BY MAILING

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: ALLSTATE TEXAS LLOYDS
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM

by serving at:
1999 BRYAN STREET
SUITE 900
DALLAS, TX  75201 0000

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office. The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 11th day of October, 2019. It bears cause number E-0204699 and is styled:

Plaintiff:

BRIDGETT S THOMAS ET AL
VS.
ALLSTATE TEXAS LLOYDS

Defendant:

The name and address of the attorney for plaintiff (or plaintiff, if pro se) is:

SCOTT, DANNY R JR, Atty.
2019 WICHITA STREET P.O. BOX 53358
HOUSTON, TX   77004 0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 15th day of October, 2019.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY _____ Deputy

Valencia

## RETURN OF SERVICE

E-0204699         172nd JUDICIAL DISTRICT COURT
BRIDGETT S THOMAS ET AL
ALLSTATE TEXAS LLOYDS

Executed when copy was delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the \_\_\_\_\_ day of _____, 20\_\_\_\_.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE:**
ALLSTATE TEXAS LLOYDS
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET
SUITE 900
DALLAS, TX 75201 0000

### OFFICER'S RETURN

Came to hand on the \_\_\_\_\_ day of _____, 20\_\_\_\_, at _____, o'clock \_\_\_.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation by Mailing at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:
_____
and the cause or failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy $_____
Total                         $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
        (First, Middle, Last)
_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/11/2019 6:28 PM
JAMIE SMITH
DISTRICT CLERK
E-204699

CAUSE NO. E-204699

| | | |
|---|---|---|
| BRIDGETT S. THOMAS and | § | IN THE DISTRICT COURT |
| WILLIAM J. THOMAS, JR., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 172nd JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| Defendant. | § | JEFFERSON COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION & REQUEST FOR DISCLOSURE**

Plaintiffs, Bridgett S. Thomas and William J. Thomas, Jr., file this original petition against defendant, Allstate Texas Lloyds (hereinafter referred to as "Allstate"), and allege as follows:

### A. Discovery Control Plan

1. Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiffs seeks monetary relief over $100,000.

### B. Relief

2. Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000. TEX. R. CIV. P. 47(c)(4).

### C. Parties

3. Plaintiffs, Bridgett S. Thomas and William J. Thomas, Jr., are individuals and are residents of Jefferson County.

4. Defendant, Allstate Texas Lloyds, hereinafter "Allstate," is a domestic insurance carrier, incorporated and engaging in the business of insurance in the State of Texas, and may

be served with process by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### D. JURISDICTION

5. This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

### E. VENUE

6. Venue is mandatory and proper in Jefferson County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

### F. CONDITIONS PRECEDENT

7. All conditions precedent to recovery have been performed, waived, or have occurred.

### G. FACTS

8. Plaintiffs are the owners of a homeowner insurance policy, policy number 986 111 69, issued by the defendant (hereinafter referred to as the "policy").

9. Plaintiffs own the insured property that is specifically located at 5735 Clint Lane, Beaumont, Texas 77713 (hereinafter referred to as the "property").

10. Defendant or its agent sold the policy, insuring the property, to plaintiffs.

11. On or about August 27, 2017, the plaintiffs' property sustained damage from lightning. After the occurrence, plaintiffs filed a claim with plaintiffs' insurance company, Allstate, for the damages to plaintiffs' property caused by the storm.

12. Plaintiffs submitted a claim to Allstate against the policy for damage caused to the property as a result of the lightning. The insureds asked Allstate to cover the cost of repairs to the damaged property pursuant to the policy and any other available coverages under the policy. Allstate assigned claim number 0474384864 PLT to the insureds' claim.

13. After Allstate received notice of the insureds' claim, Stephen Coker ("Coker"), on behalf of Allstate, inspected the loss. The lightning severely damaged several electrical appliances, rendering those appliances unusable and unrepairable. The lightning damaged the insureds' electric range, microwave oven, flat screen televisions, refrigerator, dishwasher and radio alarm clock. In addition, the failure of the appliances caused water to damage the property. Coker instructed the insureds to hire an electrician, at the insureds' expense, to investigate the claim, verify the cause of the damage, and provide a written statement along with the model numbers and pictures of the damaged appliances. The insureds complied with this request, hired an electrician at their own expense, and provided the requested information to Allstate. Allstate never sent an electrician to investigate the loss. In addition, Allstate never provided the insureds with an explanation of why Allstate denied the claim and never provided the insureds with a written claim decision.

14. Coker's unreasonable investigation of the claim included a failure to comply with Allstate's policies and procedures concerning lightning damage inspections and the procedures for the replacement of damaged household appliances. The appliances were clearly damaged, easily identifiable and the values of those damage appliances could have been easily obtained. Coker performed an unreasonable investigation by failing to document all of the damage to the property. Allstate conducted an unreasonable investigation by failing to send qualified

personnel to investigate the loss, ascertain the extent of the lightning damage, and place an appropriate value on the loss. As a result of Coker's unreasonable and brief investigation, the insureds were wrongly denied the cost to replace the appliances and repair any other covered damages.

15. Coker failed to properly adjust the claim and Allstate has denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by insureds. To date, Allstate continues to delay in the payment for the damages to the property. As such, insureds' claim(s) still remain unpaid.

16. To date, Allstate continues to delay in the payment for the damages to the property. As such, plaintiffs' claim(s) still remain unpaid and plaintiffs still have not been able to properly repair the property.

17. Allstate employs a system that, when properly operated, ensures a prompt, fair and efficient delivery of Allstate's promise to pay. Allstate's claims system consists of, in part, the following:

    a. Claims adjusting policies and procedures;

    b. Claims handling procedures and materials and claim files to track customer claims;

    c. Claim files containing documentation relating to:

        (1) the investigation of Insured's claim;

        (2) the evaluation of coverage, liability and damages;

        (3) negotiation or alternative dispute resolution (ADR) to achieve settlement; and

    (4)  litigation management.

  d. Claims underwriting procedures, files and reports that relate to:

    (1)  the condition of the risk at the time of underwriting and during the investigation of the claim;

    (2)  information provided by Allstate's claims representatives to underwriting department about the condition of the risk;

    (3)  information related to Allstate's establishment of "loss reserves," or funds set aside to pay losses such as the loss at issue in this lawsuit;

    (4)  loss control measures instituted by Allstate's underwriting department to identify corrective measures created to prevent or mitigate losses on this risk; and

    (5)  on-site inspections conducted by Allstate's loss control personnel to provide underwriters with a thorough assessment of the risk.

  e. Personnel files and procedures relating to the qualifications, training and supervision of its employees; and

  f. Allstate's relationships with and procedures created to supervise third-party adjusters that it allows to handle its customers' claims.

18. Allstate failed to follow applicable claim adjusting policies and procedures, including its own claim adjusting policies and procedures, while handling plaintiffs' claim.

19. In addition, Allstate failed to properly assess the condition of the risk during the underwriting process and during the policy period and Allstate failed to establish a loss reserve that was commensurate with the risk and possible extent of the loss. Allstate's improper

underwriting actions negatively impacted the amount of funds available for a fair payment of plaintiffs' claim and provided Allstate with a motive to underpay and/or wrongly deny plaintiffs' claim.

20. Allstate failed to properly qualify, train and supervise its employees and agents to whom Allstate entrusted the handling of various portions of plaintiffs' claim. The identity of these agents and employees include but are not limited to Stephen Coker and Darrell Adams.

21. Allstate, its agents and employees failed to follow procedures and properly execute their duties as promulgated in Allstate's system of administering and handling plaintiffs' claim. Allstate's actions, as detailed in the facts of this petition and the allegations set forth below, caused a system failure that resulted in Allstate's violation of the Texas Insurance Code, Texas Deceptive Trade Practices Act, as well as the violation of a host of Texas common law principles of law. These violations resulted in Allstate's denial to plaintiffs of the full protection and benefits of these laws and the policy benefits to which plaintiffs were entitled.

### H. COUNT 1 - BAD FAITH

22. Plaintiffs are an insured under an insurance contract issued by Allstate, which gave rise to a duty of good faith and fair dealing.

23. Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

24. Following its initial inspection, Allstate possessed all information necessary to enable it to make a fair coverage and payment determination on plaintiffs' claim. In addition, following its initial inspection, Allstate failed to provide coverage for all of the covered damage, including the damage that plaintiffs' inspector discovered during his inspection. Although

Allstate designed its claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, Allstate failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiffs.

25. Defendant's breach of duty proximately caused injury to plaintiffs, which resulted in the following damages:

    a. mental anguish damages; and

    b. loss of policy benefits.

26. <u>Exemplary damages.</u> Plaintiffs suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### I. COUNT 2 - BREACH OF CONTRACT

27. In addition to other counts, Allstate breached its contract with plaintiffs.

28. Plaintiffs and defendant executed a valid and enforceable insurance contract. The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiffs' property caused by a covered peril, and that plaintiffs would pay insurance premiums and perform other obligations as outlined in the insurance policy.

29. Plaintiffs fully performed plaintiffs' contractual obligations.

30. Allstate breached the contract by refusing to pay the full amount of the cost to repair or replace the damaged property. Allstate failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover

the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiffs.

31.  Plaintiffs seeks unliquidated damages within the jurisdictional limits of this court.

32.  <u>Attorney Fees.</u> Plaintiffs are entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiffs retained counsel, who presented plaintiffs' claim to Allstate. Allstate did not tender the amount owed within 30 days of when the claim was presented.

### J. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

33.  Defendant Allstate failed to explain to plaintiffs the reasons for Allstate's offer of an inadequate settlement. Allstate failed to offer plaintiffs adequate compensation without adequate explanation of the basis in the policy for its decision to make less than full payment. Furthermore, Allstate did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiffs' claim.

34.  Allstate failed to affirm or deny coverage of plaintiffs' claim within a reasonable time. Specifically, plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Allstate.

35.  Allstate refused to fully compensate plaintiffs under the terms of the policy, even though Allstate failed to conduct a reasonable investigation. Allstate performed an outcome-oriented investigation of the plaintiffs' claim which resulted in a biased, unfair and inadequate evaluation of plaintiffs' losses on the property.

36. Allstate failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiffs' claim, begin an investigation of plaintiffs' claim, and request all information reasonably necessary to investigate plaintiffs' claim within the statutorily mandated time of receiving notice of plaintiffs' claim.

37. Allstate failed to accept or deny plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, Allstate failed to communicate with plaintiffs to ensure that plaintiffs understood the coverage denials he received.

38. Defendants' acts or practices violated:

   a. Texas Insurance Code chapter 541, subchapter B.

   (1) Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

   (2) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

   (3) Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3).

   (4) Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A).

   (5) Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7).

    (6)    Making an untrue statement of material fact. TEX. INS. CODE §541.061(1).

    (7)    Leaving out a material fact, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

    b.    Texas Deceptive Trade Practices Act §17.46(b).

    (1)    Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COM. CODE §17.46(b)(12).

    c.    Texas Insurance Code Chapter 541.151.

39. Defendants' acts and practices were a producing cause of injury to plaintiffs which resulted in the following damages:

    a.    actual damages; and

    b.    insurance policy proceeds.

40. Plaintiffs seek damages within the jurisdictional limits of this Court.

41. <u>Additional damages.</u> Defendants acted knowingly, which entitles plaintiffs to recover treble damages under Texas Insurance Code section 541.152(b).

42. <u>Attorney fees.</u> Plaintiffs are entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### K. COUNT 4 - LATE PAYMENT OF CLAIMS

43. Plaintiffs are insureds under a contract for homeowner's insurance issued by defendant.

44. Defendant Allstate is a corporation.

45. Plaintiffs suffered a loss covered by the policy and gave proper notice to Allstate of plaintiffs' claim.

46. Allstate is liable for the claim and had a duty to pay the claim in a timely manner.

47. Defendant breached its duty to pay Plaintiffs' claim in a timely manner by not timely:

    a. acknowledging the claim;

    b. investigating the claim;

    c. requesting information about the claim;

    d. paying the claim after wrongfully rejecting it; and

    e. paying the claim after accepting it.

48. Allstate's breach of duty caused injury to plaintiffs, which resulted in the following damages:

    a. mental anguish damages;

    b. policy proceeds;

    c. prejudgment interest

49. <u>Statutory damages.</u> Plaintiffs are entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

50. <u>Attorney fees.</u> Plaintiffs are entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

### L. JURY DEMAND

51. Plaintiffs respectfully requests a trial by jury.

### M. REQUEST FOR DISCLOSURE

52. Under Texas Rule of Civil Procedure 194, plaintiffs request that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### N. PRAYER

53. For these reasons, plaintiffs ask that plaintiffs be awarded a judgment against defendants for the following:

    a. Actual damages.

    b. Statutory damages.

    c. Prejudgment and postjudgment interest.

    d. Court costs.

    e. Attorney fees.

    f. All other relief to which plaintiffs are entitled.

Respectfully submitted,

SCOTT LAW OFFICES, P.C.
P.O. Box 53358
Houston, Texas 77052
Telephone: (713) 941-9309
Facsimile: (844) 270-0740

*/s/Danny Ray Scott*

DANNY RAY SCOTT
State Bar No. 24010920
casenotifications@scottlawyers.com

*Attorney for Plaintiff*